UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TECHCORR USA MANAGEMENT LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-11-03707 |
| A.HAK INDUSTRIAL SERVICES B.V., *et al.,* | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court are the following motions: (1) a motion to dismiss for lack of personal jurisdiction filed by A.Hak Industrial Services B.V. ("A.Hak BV") and A.Hak Intank Services LLC ("A.Hak Intank") (collectively, the "moving defendants") (Dkt. 43); (2) a motion for leave to file a sur-reply filed by plaintiff TechCorr USA Management, LLC ("TechCorr") (Dkt. 58); and (3) a motion to transfer venue filed by defendants A.Hak Industrial Services US, LLC ("A.Hak US"), Eugene Silverman ("Silverman"), and Berkeley Springs Instruments, LLC ("BSI") (Dkt. 61).

First, TechCorr's motion for leave to file a sur-reply in opposition to the moving defendants' motion to dismiss (Dkt. 58) is **GRANTED**. Second, after considering the live complaint, briefing on the motion to dismiss, evidence of record, and applicable law, the court finds that it lacks personal jurisdiction over the moving defendants regarding the claims asserted in TechCorr's second amended complaint. Accordingly, the motion to dismiss (Dkt. 43) is **GRANTED**. Further, given that TechCorr consented to a transfer of this action to the Northern District of West Virginia in the event the moving defendants' motion to dismiss was granted, the motion to transfer venue (Dkt. 61) is likewise **GRANTED**.

## I. BACKGROUND

TechCorr is a business that specializes in non-destructive testing, including robotic tank-inspection and cleaning services. Dkt. 42 at 4 ¶ 11. On July 12, 2007, TechCorr acquired robots and spare parts for its inspection business from AST Services, LLC ("AST"). *Id.* at 4 ¶ 12. On the same day, AST sold its intellectual property rights to BSI, and BSI in turn allegedly granted a perpetual license to use those rights to TechCorr. *Id.* at 4 ¶ 13. After TechCorr used the robotic assets for several years, BSI and its president, Silverman, had a meeting with TechCorr in Houston and allegedly promised TechCorr that it would have a right of first refusal to purchase BSI and Silverman's intellectual property rights should they ever decide to sell their interests. *Id.* at 4 ¶ 14.

In November 2010, TechCorr learned that BSI and Silverman had decided to sell their intellectual property to A.Hak BV, apparently disregarding TechCorr's right of first refusal. *Id.* at 5 ¶ 15. TechCorr objected to the sale, but it closed anyway. *Id.* Since that time, the moving defendants allegedly made false and misleading statements in promotional materials that they are the exclusive providers of certain robotic inspection services. *Id.* at 5 ¶ 16. TechCorr also contends that A.Hak BV's employees approached a TechCorr employee, Gary Penney, seeking to obtain confidential information and gain an unfair competitive advantage over TechCorr. *Id.* at 5 ¶ 17.

TechCorr asserts several causes of action against the defendants related to the sale of BSI's intellectual property rights, including claims for breach of contract, tortious interference, trade secret misappropriation, and violations of the Lanham Act. *Id.* at 6–10. A.Hak BV and A.Hak Intank move to dismiss the claims against them on jurisdictional grounds. Dkt. 43. TechCorr responds that the court can exercise jurisdiction over the moving defendants consistent with due process. Dkt. 50. A.Hak US, BSI, and Silverman move to transfer venue to the Northern District of West Virginia, where a related trademark case is pending. Dkt. 61. The motions are now ripe for disposition.

## II. APPLICABLE LAW

A court must dismiss a moving defendant from an action over whom it lacks personal jurisdiction. FED. R. CIV. P. 12(b)(2). When a district court rules on a 12(b)(2) motion without a hearing, as is the case here, the plaintiff must make a *prima facie* showing of jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citation omitted). The court may consider the contents of the record, including affidavits or other recognized methods of discovery, in deciding whether to exercise specific jurisdiction. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court accepts the plaintiff's non-conclusory, uncontroverted allegations as true, and resolves conflicts between the facts contained in the parties' affidavits in the plaintiff's favor. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant if: (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction over that defendant is consistent with due process under the U.S. Constitution. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). The two-part jurisdictional inquiry collapses into a single step in this forum because the Texas long-arm statute extends to the limits of federal due process. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042; *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990); *Johnston*, 523 F.3d at 609 (5th Cir. 2008). "The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012) (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 319, 66 S. Ct. 154 (1945)). To meet the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the benefits of the forum state

by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Mullins*, 564 F.3d at 398.

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). The court may exercise general jurisdiction over a non-resident corporation for all claims when its contacts are so continuous and systematic that the corporation may consider the forum its "home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). By contrast, the court may exercise specific jurisdiction "when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). For specific jurisdiction, the court considers whether the defendant has purposefully availed himself of the laws of the forum state and could reasonably anticipate being sued there. *Burger King v. Rudzewicz*, 471 U.S. 462, 472–74, 105 S. Ct. 2174 (1985).

## III. ANALYSIS

A. Hak Intank and A.Hak BV move for their dismissal on grounds that they lack sufficient contacts with Texas to support an exercise of personal jurisdiction. Dkt. 43. TechCorr responds that the court should find that specific jurisdiction is present for the following reasons: (1) the court should deem that jurisdiction is present as a discovery sanction for the moving defendants' failure to answer discovery requests; and (2) the A.Hak entities have directed marketing and work towards Texas from which TechCorr's causes of action arise and which demonstrate the moving defendants' purposeful availment of the benefits of doing business in Texas. Dkt. 50 at 1. For the reasons described below, the court disagrees with both of TechCorr's contentions and finds that TechCorr fails to make a *prima facie* showing of specific personal jurisdiction over the moving defendants.[1]

---

[1] TechCorr confines its arguments to a specific jurisdiction analysis and does not contend that the court should exercise general jurisdiction over either moving defendant. Accordingly, the court evaluates the moving defendants' alleged Texas contacts to determine whether an exercise of specific jurisdiction is consistent with due process in this

## A. Discovery Sanctions

As a threshold matter, TechCorr requests that the court declare jurisdiction over the moving defendants as a result of their failure to respond to jurisdictional discovery. Dkt. 50 at 5. Under Rule 37, the court may impose certain sanctions for failure to respond or evasive responses in discovery. But in any such sanctions motion, the movant "*shall* include a certification that [it] has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." FED. R. CIV. P. 37(d)(1)(B) (emphasis added). TechCorr did not file a certification with its motion, nor has it explained its failure to do so. TechCorr's request for sanctions is denied.

## B. Specific Personal Jurisdiction

The Fifth Circuit has reduced the test for specific jurisdiction to three questions: "(1) Did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts? (2) Did the defendant purposely direct its activities toward the forum state or purposely avail itself of the privilege of conducting activities therein; (3) Would the exercise of personal jurisdiction over the defendant be reasonable and fair?" *Pervasive*, 688 F.3d at 227. The plaintiff must meet each prong before the court may exercise specific jurisdiction. *Id.*

TechCorr presents affidavit testimony and documentary evidence of five categories of the moving defendants' purported Texas-related contacts: (1) communications with Gary Penney, a TechCorr employee, to obtain TechCorr's confidential information and interfere wrongfully with TechCorr's business; (2) participation at trade shows in Houston, Texas; (3) false statements regarding TechCorr's services while cleaning tanks at ExxonMobil's facility in Beaumont, Texas;

---

case. Further, because the court finds that it lacks specific personal jurisdiction over both moving defendants, the court expresses no opinion regarding A.Hak BV's alternative arguments for dismissal under Rule 12(b)(5) for failure to serve within the time period prescribed by Rule 4(m).

(4) website references to affiliated Texas companies and exclusive robotic services that TechCorr claims are aimed at Texas residents; and (5) a distribution agreement and two proposals delivered to Texas companies related to robotic tank services. *See* Dkt. 50, Exs. 1, 4–10.[2]

First, the Gary Penney contacts, assuming they caused monetary losses in Texas, are jurisdictionally insufficient because they do not demonstrate that moving defendants' conduct was directed towards Texas for purposes of the test's purposeful availment prong. "Foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999); *Panda Brandywine*, 253 F.3d at 869 ("The foreseeability of causing injury in Texas is not a sufficient benchmark for specific jurisdiction.") (internal quotation marks omitted). Here, TechCorr alleges electronic and in-person communications between A.Hak BV, a Netherlands company, and Penney, a resident of the United Arab Emirates. Dkt. 50, Ex. 1 at 2–3 ¶¶ 8–9; Dkt. 54, Ex. C (declaration of Gary Penney) at 2 ¶ 8. TechCorr has not alleged any conduct directed towards the forum. Accordingly, the Penney contacts do not support an exercise of personal jurisdiction.

The second category of Texas contacts is A.Hak BV's attendance at Houston trade shows. The first prong of the *Pervasive* jurisdictional test requires the plaintiff to show that its causes of action arise out of or are directly related to the defendant's forum contacts. *Pervasive*, 688 F.3d at 227. TechCorr has merely alleged and presented evidence that A.Hak BV attended trade shows in Houston without any evidence of the subject matter or contents of its presentations. Dkt. 50, Ex. 1 at 3 ¶10. TechCorr thus fails to connect these forum contacts with its causes of action to support

---

[2] A.Hak BV and A.Hak Intank contend that TechCorr improperly conflates the purported contacts of both moving defendants in an attempt to impute contacts by one moving defendant to the other. *See* Dkt. 53-1 at 15 (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)). However, because the court finds that neither defendant's contacts are sufficient to support an exercise of specific personal jurisdiction, the court expresses no opinion on this issue and need not differentiate TechCorr's jurisdictional allegations as to either moving defendant.

specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 472 (5th Cir. 2002) ("For specific jurisdiction we look only to the contact out of which the cause of action arises . . . .").

Third, TechCorr's president and CEO, Vincent Summa, avers in his affidavit that moving defendants cleaned several tanks at an ExxonMobil plant in Beaumont, Texas in "late 2010 or early 2011," and that they obtained this work by claiming to be exclusive providers of robotic tank inspection services worldwide. Dkt. 50, Ex. 1 at 3–4 ¶¶ 11–12. Summa's testimony is vague and conclusory, failing to even name the defendant-employee who uttered the allegedly misleading statements, and these statements were not heard by Summa directly but apparently conveyed to him via hearsay from an ExxonMobil employee. *See id.* Under the law of this circuit, the court need not consider conclusory hearsay in its jurisdictional analysis. *See Panda Brandywine*, 253 F.3d at 869; *Prod. Promotions v. Cousteau*, 495 F.2d 483, 493 (5th Cir. 1974) (holding that "hearsay testimony" regarding jurisdictional facts "does not suffice"), *abrogated on other grounds*, *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03, 102 S. Ct. 2099 (1982); *Kern v. Jeppesen Sanderson, Inc.*, 867 F. Supp. 525, 535 (S.D. Tex. 1994). TechCorr's third category of jurisdictional allegations fails to support specific jurisdiction over the moving defendants.

The fourth category of contacts consists of references on websites to robotic tank cleaning services and affiliated entities. *See* Dkt. 50, Ex. 1 at 4 ¶¶ 13–15; *id.*, Ex. 4 at 1. The fact that a website is accessible in a forum state, standing alone, is insufficient to support the exercise of specific jurisdiction. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). Jurisdiction is likely appropriate when the defendant engages in active commerce by taking orders directly online from a plaintiff who resides in the forum. *Id.* However, a passive website, in which a defendant merely engages in advertising, does not lead to a finding of jurisdiction. *Id.* The *Mink* court found that "the presence of an electronic mail access, a printable order form, and a toll-free number on a

7

website, without more, is insufficient to establish personal jurisdiction." *Id.* at 337. In this case, the moving defendants' websites are passive, and TechCorr does not allege otherwise, and thus any statements made therein cannot support a finding of purposeful availment through conduct directed towards Texas.

Lastly, the fifth category is marketing and sales contacts with Texas companies. *See* Dkt. 51, Exs. 9–10. These contacts consist of the moving defendants' general efforts to market their services in Texas, and TechCorr has not shown that its claims arise out of these sales activities that, on their face, do not directly relate to TechCorr's contractual relations or intellectual property rights. *See Clemens v. McNamee*, 615 F.3d 374, 378–79 (5th Cir. 2010) (reiterating that specific jurisdiction requires a "sufficient nexus" between the alleged forum contacts and plaintiff's cause of action) (citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868 (1984)). Thus, TechCorr has presented insufficient allegations for this court to exercise specific jurisdiction over moving defendants based on the fifth category of conduct.

In sum, TechCorr's allegations regarding the forum-related contacts are insufficient to meet one or more of the *Pervasive* jurisdictional prongs. The motion to dismiss (Dkt. 43) is **GRANTED**.

## C. The Motion to Transfer Venue

BSI, A.Hak US, and Silverman move to transfer this case to the Northern District of West Virginia, where the trademark case is pending. Dkt. 61. Given the court's determination that it lacks jurisdiction over the moving defendants, TechCorr consents to a transfer to West Virginia, where that court may exercise jurisdiction over all necessary parties. Dkt. 61 at 2. Accordingly, the motion to transfer venue (Dkt. 61) is **GRANTED.**

## IV. Conclusion

TechCorr's motion for leave to file a sur-reply in opposition to the moving defendant's motion to dismiss (Dkt. 58) is **GRANTED**. And after considering TechCorr's second amended complaint, the parties' briefing, evidence of record, and applicable law, the moving defendants' Rule 12(b)(2) motion to dismiss (Dkt. 43) is **GRANTED**. TechCorr's claims against A.Hak BV and A.Hak Intank are **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that BSI, A.Hak US, and Silverman's motion to transfer venue (Dkt. 61) is **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the Northern District of West Virginia.

It is so **ORDERED**.

Signed at Houston, Texas on June 10, 2013.

_____
Gray H. Miller
United States District Judge